UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NELSON SHIRLEY, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CASE NO. A20CV261RP |
| § | |
| FMC TECHNOLOGIES, INC., § | |
| TECHNIP FMC PLC, and § | |
| TECHNIPFMC US HOLDINGS, INC., § | |
| § | |
| *Defendants*. § | |

## PLAINTIFF'S APPLICATION TO CONFIRM ARBITRATION AWARD

Plaintiff Nelson Shirley ("Plaintiff" or "Mr. Shirley"), asks the Court to confirm the domestic arbitration award against Defendants FMC Technologies, Inc. ("FMC"), Technip FMC plc, ("TechnipFMC") and TechnipFMC US Holdings, Inc. ("TechnipFMC US Holdings") (collectively, "FMC" or "Defendants"), and would respectfully show the following:

### I. INTRODUCTION

1. This is a dispute concerning the parties' February 9, 2012 Stock Purchase Agreement (the "Purchase Agreement"). In April 2015, Defendants wrongfully withheld $489,792 from a holdback payment made to Plaintiff in April 2015.

2. Consistent with the terms of the Purchase Agreement, Mr. Shirley initiated arbitration against Defendants on April 17, 2018, and asserted breach of contract and declaratory judgment claims against Defendants.

3. On September 17-19, 2019, a hearing was held in Austin, Texas. On March 10, 2020, the arbitrator issued an award in favor of Plaintiff and granted Plaintiff $489,792.00 in actual damages, plus pre-award interest in the amount of $161,950.00, and $372,732.86 in fees, costs and expenses (the "Final Award"). The arbitrator also granted Plaintiff post-award interest at a rate of 6.75% per annum, simple interest.

72633260.3

4. Plaintiff files this application to confirm the arbitration award (this "Application") so that a judgment may be entered in his favor for purpose of enforcing the Final Award.

## II. PARTIES, JURISDICTION & VENUE

5. Plaintiff is an individual citizen of the state of Kansas for purposes of diversity jurisdiction.

6. Defendant FMC Technologies, Inc. is a Delaware corporation and a party to the Purchase Agreement. FMC's principal place of business (*i.e.*, its corporate headquarters) is in Houston, Texas. It is thus a citizen of Delaware and Texas for purposes of diversity jurisdiction. FMC may be served with process via its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

7. Defendant TechnipFMC plc is the successor in interest to FMC Technologies, Inc. TechnipFMC is a public limited company under the laws of the England and Wales that does business in the United States through TechnipFMC USA, Inc., a Delaware entity with its principal place of business in Houston, Texas. It is therefore a citizen of Delaware and Texas for purposes of diversity jurisdiction. TechnipFMC can be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

8. Defendant TechnipFMC US Holdings, Inc. is the successor in interest to FMC Technologies, Inc. TechnipFMC US Holdings is a Delaware corporation with its principal place of business in Houston, Texas. It is thus a citizen of Delaware and Texas for purposes of diversity jurisdiction. TechnipFMC US Holdings can be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

9. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) over all claims in this action because: (1) as stated above, Mr. Shirley is not a citizen of any State of which any Defendant is a citizen, and (2) the matter in controversy exceeds $75,000, exclusive of interest and costs, as explained more fully below.

10. This Court has personal jurisdiction over Defendants because all three entities are domiciled in Texas, do business in Texas, and/or otherwise have purposefully availed themselves of the laws of the State of Texas.

11. Venue is proper in this District and Division under 9 U.S.C. § 9, as the arbitration award at issue in this matter was made in this District.

### III. SUPPORTING EVIDENCE

12. Plaintiff presents the following evidence in support of this Application, which is included in the attached appendix and is incorporated by reference herein:

**Exhibit A**: Stock Purchase Agreement;

**Exhibit B**: Plaintiff's Original Notice and Demand for Arbitration;

**Exhibit C**: Defendants' Notice of Defense;

**Exhibit D**: Final Award;

**Exhibit E**: Emails regarding selection of the arbitrator; and

**Exhibit F**: Declaration of Daniel D. McGuire.

Plaintiff requests that the Court attach Exhibits A through D with its order confirming the arbitration award.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

13. Plaintiff previously owned and operated Control Systems International, Inc. ("CSI"). In February 2012, Plaintiff entered into the Purchase Agreement with FMC to sell his equity interests in CSI. [Exhibit A]. The purchase price for Plaintiff's equity in CSI was $64,990,000.00. [*Id.* at § 1.1(b)(ii)].

14. Under the Purchase Agreement, $10,000,000.00 of the purchase price was to be withheld for purposes of satisfying indemnity claims and/or final working capital adjustments, if any (the "Hold Back"). [*Id.* at § 1.3]. The parties agreed that the Hold Back would be paid in full to Plaintiff three years after the closing date less the amount of any indemnity claims or working capital adjustments permitted under the Purchase Agreement. [*Id.*].

15. On or about April 30, 2015, FMC paid the Hold Back to Plaintiff. However, FMC withheld $489,792 from the Hold Back on the alleged basis that revenue was improperly accounted for in CSI's books and records. Plaintiff objected to the amount of the Hold Back payment in writing and demanded that FMC pay Plaintiff the amount that was withheld. FMC refused to pay Plaintiff the amount owed.

16. On April 17, 2018, Plaintiff initiated arbitration under the dispute resolution procedures in Section 8.11 of the Purchase Agreement. Plaintiff asserted a breach of contract claim and declaratory judgment claim against Defendants. [Exhibit B]. Defendants filed a Notice of Defense on May 9, 2018, denying Plaintiff's claims. [Exhibit C].

17. A final arbitration hearing took place on September 17-19, 2019. At the final hearing, the parties were represented by counsel. The parties presented witnesses who offered sworn testimony, and all exhibits that were marked and offered to the arbitrator for consideration were admitted, other than those exhibits or testimony withdrawn by the parties.

18. On January 29, 2020, the arbitrator issued an Interim Award (the "Interim Award") finding in favor of Plaintiff and awarding Plaintiff $489,792 in actual damages, plus attorneys' fees, expenses, pre- and post-judgment interest, and costs. Having obtained complete relief in his favor, and pursuant to the Interim Award, Plaintiff submitted evidentiary support for his request for pre- and post-judgment interest, attorneys' fees, and costs pursuant to Section 8.11(c) of the Purchase Agreement.

19. On March 10, 2020, the arbitrator issued a Final Award, awarding Plaintiff a total of $1,024,474.86, as follows:

| | |
|---|---|
| Actual Damages | $489,792.00 |
| Pre-Award Interest | $161,950.00 |
| Attorneys' Fees and Costs | $354,732.86 |
| Arbitration Fees | $18,000.00 |
| **TOTAL AWARD:** | **$1,024,474.86** |

[Exhibit D].

## V. ARGUMENT

20. The parties agreed that any dispute or disagreement among the parties as to the interpretation or performance of the Purchase Agreement would be resolved by arbitration in accordance with the Center for Public Resources Institute for Dispute Resolutions's ("CPR") Non-Administered Arbitration Rules (the "CPR Rules").[1] [Ex. A. at § 8.11(a)].

---

[1] Available online at: https://www.cpradr.org/resource-center/rules/arbitration/non-administered/2018-cpr-non-administered-arbitration-rules

21. Rule 8.1 of the CPR Rules, which is incorporated into the Purchase Agreement, provides that the arbitrator "shall have the power to hear and determine challenges to its jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Rule 8.1 further provides that "[t]his authority extends to jurisdictional challenges with respect to both the subject matter of the dispute and the parties to the arbitration." *Id.*

22. Section 8.11 of the Purchase Agreement provides that arbitration between the parties will be governed by the Federal Arbitration Act ("FAA"). [*Id.* at § 8.11(c)]. Section 9 of the FAA governs confirmation of arbitration awards and provides that, if the parties have agreed to entry of judgment, any party to the arbitration may apply for an order confirming the award within one year after the award is made. 9 U.S.C. §9.

23. The parties agreed to an entry of judgment in Section 8.11(a) of the Purchase Agreement. [*Id.* § 8.11(a)]. The Final Award was issued on March 10, 2020. This Application has been timely filed.

24. On a timely filed application to confirm an arbitration award, the Court *must* confirm an arbitration award unless there are grounds to vacate, modify or correct the award. 9 USC §9; *Hall St. Assocs., LLC. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."); *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 840 (5th Cir. 2020).

25. The scope of this Court's review is severely limited. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36–38 (1987); *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d

377, 380 (5th Cir. 2004). Section 10 of the FAA provides that a district court may only vacate an arbitration award under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evidence of partiality or corruption by the arbitrator;
>
> (3) where the arbitrator was guilty of misconduct by refusing to postpone the hearing, by refusing to hear evidence pertinent and material to the controversy, or by engaging in any other misbehavior that prejudiced the rights of any party; or
>
> (4) where the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final, and definite award was not made.

9 U.S.C. §10(a); *see Hall St.*, 552 U.S. at 578 (observing that the grounds enumerated in FAA §§ 10 and 11 are the only circumstances under which a court may grant vacatur or modification under the FAA); *accord Citigroup Glob. Markets, Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (overruling previous non-statutory grounds supporting vacatur of an arbitration award). The party seeking to vacate, modify, or correct an arbitration award has the heavy burden of proof and the Court must resolve all doubts in favor of confirming the award. *Brabham*, 376 F.3d at 385 (explaining that the court "must remain exceedingly deferential to arbitration").

26. Likewise, the scope of the Court's review does not include an examination of the merits of the parties' claims; the Court must defer to the reasonable determination of the arbitrator. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 693–94 (2010) ("The four grounds for vacatur codified in § 10(a) restate the longstanding rule that, '[i]f [an arbitration] award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court . . . will not set [the award] aside for error, either in law or fact.'") (citation omitted); *Resolution Performance Prod., LLC v. Paper Allied Indus. Chem. & Energy Workers Int'l Union, Local 4-1201*, 480 F.3d 760, 764–65 (5th Cir. 2007) (explaining that a court must confirm an arbitration award if the arbitrator is "arguably construing or applying the contract

7

and acting within the scope of his authority"). As a result, an arbitrator's award is rarely vacated. *See McShane v. PilePro Steel, LP*, No. 1:16-CV-964-LY, 2017 WL 1399703, at *4 (W.D. Tex. Apr. 19, 2017) (explaining that vacating an arbitration award is "extremely difficult, and is something rarely found by a court"); *See also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (noting that the standard for vacatur is so high that "serious error" or "improvident, even silly, factfinding" will not support vacatur).

27. In addition, the Purchase Agreement itself provides that "[t]he decision of the arbitrator(s) shall be final and ***not subject to judicial review*** and judgment thereon may be entered in any court of competent jurisdiction . . . ." [Ex. A at § 8.11 (c) (emphasis added)].

28. The Final Award in this case must be confirmed. This case does not involve any of the rare instances in which vacatur is permitted. To the contrary, (i) the arbitrator was jointly selected by the parties without any conflicts; (ii) the arbitrator held a full and fair hearing in which all testimony and exhibits offered by the parties were admitted (other than testimony or exhibits withdrawn by the parties); and (iii) the arbitrator issued a reasonable award rationally based on the Purchase Agreement. [Ex. D, Ex. E]. There is no evidence of fraud, corruption, partiality, or other similar factors that would justify vacating the Final Award in this case.

29. The arbitrator also properly determined that he had jurisdiction over the parties and this dispute. By referencing and incorporating the CPR Rules in the Purchase Agreement, the parties granted the arbitrator the authority to resolve this dispute, as well as any disputes as to his jurisdiction. *See, e.g., Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 763 (3d Cir. 2016) ("Virtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."); CPR Rule 8.1 ("The Tribunal shall have the power to

hear and determine challenges to its jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. This authority extends to jurisdictional challenges with respect to both the subject matter of the dispute and the parties to the arbitration."). Here, the arbitrator concluded that he had jurisdiction over the parties and the subject matter of this dispute. Accordingly, the arbitrator acted within the scope of his authority in resolving the parties' dispute. [2]

30. As set forth in the Final Award, the Arbitrator unambiguously found in Plaintiff's favor in all respects. The parties agreed that the prevailing party would recover all expenses, including attorneys' fees and costs reasonably incurred in the arbitration. [*Id.* at § 8.11(c), (a)]. Consistent with the Purchase Agreement, the arbitrator awarded Plaintiff, as the prevailing party, all expenses incurred by Plaintiff in connection with the dispute, including attorneys' fees and costs. Thus, Plaintiff is entitled to entry of judgment consistent with the Final Award.

31. Because there are no grounds for modifying, correcting, or vacating the award, the Court must confirm the arbitration award in this case. 9 U.S.C. §9; *Hall St.*, 552 U.S. at 578.

## VI. CONCLUSION

Plaintiff respectfully asks the Court to confirm the arbitration award in all respects, enter a judgment in accordance with the award, and grant Plaintiff any and all relief, in law or in equity, to which he may be justly entitled.

---

[2] To the extent there is any ambiguity as to whether the arbitrator correctly interpreted the Purchase Agreement or acted within the scope of his authority, that ambiguity must be resolved in favor of the arbitrator. *Brabham*, 376 F.3d at 385.

Dated: March 11, 2020

Respectfully submitted,

*/s/ Daniel D. McGuire*

Daniel D. McGuire
Texas State Bar No. 24081282
POLSINELLI PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
dmcguire@polsinelli.com

*Counsel for Plaintiff Nelson Shirley*

72633260.3