IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NELSON SHIRLEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-261-RP |
| FMC TECHNOLOGIES, INC., TECHNIP FMC PLC, and TECHNIPFMC US HOLDINGS, INC., | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants FMC Technologies, Inc., Technip FMC PLC, and TechnipFMC US Holdings' ("FMC") Motion for Leave to Deposit Funds into the Registry of the Court and for Discharge Pursuant to Federal Rule of Civil Procedure 67 (the "Motion"). (Mot., Dkt. 26). The Motion was initially filed as opposed because FMC's attempt to confer with counsel for Plaintiff Nelson Shirley ("Shirley") was not successful. (*Id.* at 26). Shortly thereafter, Shirley filed a Notice of No Opposition to Defendant's Motion for Leave to Deposit Funds into the Registry of the Court (the "Notice"). (Notice, Dkt. 27). After reviewing the Motion, the Notice, and the relevant law, the Court will grant the Motion as unopposed.

In its Motion, FMC expresses its request to "end this litigation by tendering the full amount due on the Final Award and Final Judgment." (Mot., Dkt. 26, at 2). FMC states that it is prepared to tender the amount due in damages, pre-award interest, attorney's fees, arbitration fees, and post-award interest. (*Id.*). In doing so, FMC wishes to stop additional interest from accruing and Shirley from seeking additional attorney's fees. (*Id.* at 3). FMC therefore requests that, pursuant to Federal Rule of Civil Procedure 67, the Court issue an order declaring that "(1) such payment, when made, constitutes payment in full of the judgment; (2) the Final Judgment is discharged in its entirety; and

(3) the case is dismissed with prejudice as to any further claim." (*Id.* at 3). Shirley, in his Notice filed in response to the Motion, clarifies that an additional $146.95 in interest accrues each day, and thus "the total amount deposited into the registry of the Court should be in accordance with the following schedule, depending when the deposit is made." (Notice, Dkt. 27, at 2) (providing day-by-day schedule that shows the anticipated total deposit that includes daily accrued interest).

Accordingly, the Court **GRANTS** FMC's Motion, (Dkt. 26).

**IT IS ORDERED** that FMC shall pay the final award and judgment, including the amount of daily interest that has accrued, to the Clerk, United States District Court, within **10 days** of this Order. The amount due depends on the date FMC submits its check. For example, if the check is submitted on January 21, 2021, Shirley calculates that FMC would owe $1,066,650.41, or, if the check is submitted on January 25, 2021, Shirley calculates that FMC would owe $1,067,238.21. (Notice, Dkt. 27, at 2).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall receive and deposit FMC's check, as soon as the business office allows, into the Court Registry.

**IT IS FURTHER ORDERED** that upon FMC's payment of the final award and judgment, as described above, FMC is dismissed, without fees or costs, from this lawsuit and discharged from any further liability pertaining in any way to the claims in this action.

**IT IS FURTHER ORDERED** that Shirley is entitled to the monies paid into the Court Registry. The Court **ORDERS** that the aforementioned monies deposited into the Court Registry shall be paid to Nelson Shirley c/o Dan McGuire, Polsinelli PC, 2950 N. Harwood St., Suite 2100, Dallas, TX 75201, as soon as practicable.

**IT IS FINALLY ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SIGNED** on January 20, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE